**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-1303-DOC (MLGx)                               Date: January 10, 2012
Title: MARIA LINDSAY, ET AL. -V- AMERICA'S WHOLESALE LENDER, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera                                               Not Present
Courtroom Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                           NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART
                                        DEFENDANTS' MOTION TO DISMISS

        Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") (Dkt. 20). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS IN PART and DENIES IN PART the Motion. The Court also GRANTS Defendants' request for judicial notice.

**I.    BACKGROUND**

        Plaintiffs Maria and Dean Lindsay ("Plaintiffs" or "the Lindsays") filed this suit against America's Wholesale Lender ("AWL") in its capacity as the originating lender, Deutsche Bank National Trust Company ("Deutsche Bank") in its capacity as purported assignee of Plaintiffs' deed of trust, and Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, LP ("BAC"), in its capacity as purported mortgage servicer. On April 24, 2006, Plaintiffs executed a $750,000 promissory note, secured by a deed of trust, to refinance real property located in Laguna Beach, California. Shortly after the origination of their loan, AWL attempted to sell the loan. (FAC ¶ 16.) Plaintiffs allege that their note and deed of trust were never properly assigned and transferred into the HarborView Mortgage Loan Trust for Mortgage Pass-Through Certificates, Series 2006-5 ("Harborview Trust"). (*Id.* ¶ 17.) As a result, Plaintiffs conclude that their note was never properly transferred to Deutsche Bank as Trustee of the Harborview Trust, as required under California Civil Code § 2932.5, thereby preventing Defendants from collecting on the note and enforcing the deed of

trust. (*Id.* ¶ 1.) Plaintiffs allege that because no assignment of the deed of trust was ever recorded, Defendants do not have an enforceable security interest. (*Id.*) In conclusion, Plaintiffs assert that Defendants do not have any legal, equitable, or pecuniary interest in either the note or deed of trust. (*Id.*) Plaintiffs do not dispute that they owe money on their loan, rather, they dispute the amount owed and ask the Court to determine the true creditor of their note and deed of trust, and whether Deutsche Bank is entitled to demand payment, negotiate a loan modification, or enforce the deed of trust. (*Id.* ¶ 38.)

Alternatively, if the Court finds an enforceable security interest in the note or deed of trust on behalf of any Defendant, Plaintiffs allege that Defendants have breached Section 2 of the deed of trust, as well as the implied covenant of good faith and fair dealing, by charging improper fees, miscalculating and misapplying payments to offset principal and interest, and that Defendants have committed various statutory violations, including the Fair Debt Collections Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"). (*Id.* ¶ 2.)

### III. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

In resolving a Rule 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*

### III. DISCUSSION

#### A. Section 2932.5

Because the bulk of Plaintiffs' claims turn on whether California Civil Code § 2932.5

applies to deeds of trust, as opposed to mortgages, the Court first considers this question.

Section 2932.5 pertains to assignment of instruments carrying the power of sale and requires the recording of any assignment of such an instrument before the assignee can sell the underlying property. Specifically, the section provides:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

Cal. Civ. Code § 2932.5.

Defendants argue that section 2932.5 does not apply to deeds of trust, and no recordation of an assignment of beneficial interest was required.

Section 2932.5 "does *not* require the recordation of an assignment of beneficial interest for a *deed of trust*, as opposed to a mortgage." *Caballero v. Bank of America*, No. 10-CV-02973-LHK, 2010 WL 4604031, *3 (N.D. Cal. Nov. 4, 2010) (emphasis in original). Deeds of trust, like the one at issue in this case (RJN, Ex. C), grant the power of sale to the trustee. *Id.* Section 2932.5 applies to mortgages, where the power of sale lies with the creditor. *Id.* The California Supreme Court has long recognized this distinction. *See Stockwell v. Barnum*, 7 Cal. App. 413 (Cal. App. 1908). *Stockwell* found that section 858, now section 2932.5, works to encourage bidding at foreclosure sales by ensuring that the power of sale is vested in mortgagees and other encumbrancers who are otherwise merely lienholders. *Id.* at 417. This scenario is "wholly foreign" to deeds of trust because they pass legal title to a trustee, enabling the trustee to transfer title to an eventual purchaser. *Id.* Thus, when a promissory note is secured by a deed of trust and the power of sale is vested in a third party as trustee, the trustee is not an encumbrancer within the meaning of the statute. *Id.*

At least one court has held that the distinction between a mortgage and a deed of trust should not stand in the way of statutes meant to protect borrowers from improper foreclosure. *In re Salazar*, 448 B.R. 814 (Bkrtcy. S.D. Cal. 2011). In *Salazar*, the court noted that the distinction between mortgages and deeds of trust has become obsolete. *Id.* at 820. The court cited California Supreme Court precedent ignoring the distinction "'in order to afford borrowers with the protection provided to mortgagors.'" *Id.* at 821 (quoting *Dimock v. Emerald Props. LLC*, 81 Cal. App. 4th 868, 877 (Cal.

App. 2000)). The court concluded that "Civil Code section 2932.5 protects borrowers from confusion as to the ownership of their loans" and it "must therefore be applied to deeds of trust to ensure trustors are provided the same protection as mortgagors under California law." *Id*.

Although the Court agrees with *Salazar's* rationale that statutory borrower protections should not be ignored simply because foreclosure is sought under a mortgage as opposed to a deed of trust, the concern underlying section 2932.5, namely, keeping a borrower informed of who owns their loan before a foreclosure sale, is not present here. In *Salazar*, no evidence was presented as to when U.S. Bank, identified as the foreclosing beneficiary after the foreclosure sale, was assigned the interests as Lender in the deed of trust and note. *Id.* at 818. In this case, no foreclosure sale is alleged to have taken place. Indeed, Plaintiffs do not allege that a notice of default has even been recorded, which is required to initiate foreclosure proceedings. Plaintiffs' deed of trust was simply securitized, and Plaintiffs appear to argue that this transaction should have been recorded and/or should have been done in compliance with the underlying Trust Agreement (aka Pooling Services Agreement). *See* FAC ¶¶ 17-22, FAC Ex. B. Because section 2932.5 does not apply to deeds of trust, the recordation Plaintiffs seek was not legally required. See *Caballero*, 2010 WL 4604031 at *3; *Calvo v. HSBC Bank USA, Inc.*, 199 Cal. App. 4th 118, 122 (2011) (section 2932.5 does not apply to deeds of trust). Accordingly, to the extent Plaintiffs' claims are based on this recordation, the claims are not legally cognizable.

Plaintiffs' alternative theory, that Deutsche Bank has no authority to collect on their loan because the transfer of Plaintiffs' loan into the Harborview Trust was not done in compliance with the terms of the Trust Agreement, also does not give rise to a legally cognizable claim.[1] Plaintiffs do not allege that they are an investor of the Harborview Trust, or third party beneficiaries of the Trust Agreement, either of which might give them standing to challenge the breach of that agreement. *See Bascos v. Federal Home Loan Mortg. Corp.*, No. CV 11–3968–JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."); *In re Correia*, 452 B.R. 319, 324 (1st Cir. BAP 2011) (where debtors asked court to declare mortgage assignment invalid based upon breach of Pooling Services Agreement, a contract to which debtors were not a party nor third-party beneficiaries, the court found that debtors lacked standing to object to any

---

[1] Although Plaintiffs do not appear to argue that they never agreed that their loan could be pooled or sold, the Court notes that Plaintiffs' deed of trust specifically provides for transfer of the deed "one or more times without prior notice to Borrower." (RJN, Ex. C, Deed of Trust at ¶ 20.)

breaches of the terms of the PSA). Because Plaintiffs lack standing to raise alleged breach of the Trust Agreement, to the extent their claims are based on breach of this agreement, their claims fail.

### B. Individual Claims for Relief

#### 1. Declaratory Relief

A claim for declaratory relief is not a stand-alone claim, but rather depends upon whether or not Plaintiffs state some other substantive basis for liability. *See Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3, 98 Cal. Rptr. 2d 661 (2000) (noting that equitable forms of remedy "have no separate viability" if plaintiff's other causes of action fail).

Because none of Plaintiffs' substantive claims underlying the controversy alleged by Plaintiffs, regarding who owns their loan, to support a claim for declaratory relief survive Defendants' motion to dismiss, this claim necessarily fails.

#### 2. Negligence

Plaintiffs allege that Deutsche Bank and BAC breached their duty of care under California law because they had a duty not to collect mortgage payments where they lacked the right to enforce the underlying obligation. (FAC ¶ 60.)

In addition to the reasons stated above, this claim fails because financial institutions, including loan servicers, do not have a duty of care to borrowers unless some special relationship is assumed. *See Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96 (1991) (no duty of care owed to a borrower where financial institution's role is merely lender of money); *Watts v. Decision One Mortg. Co., LLC*, No. 09 CV 0043 JM (BLM), 2009 WL 2044595, at *3 (S.D. Cal. July 13, 2009) (acting in the capacity of loan servicer imposes no legal duty of care on the servicer, and where no legal duty was assumed by the servicer and no special relationship existed, plaintiff's negligence claim failed). No special relationship is alleged between Plaintiffs and either Deutsche Bank or BAC. Accordingly, this claim is dismissed.

#### 3. Quasi Contract

This claim is based entirely on the theory that Deutsche Bank failed to become a party to the note and deed of trust before it purported to have a legal interest in Plaintiffs' loan and improperly

collected on the loan. (FAC ¶ 66.) For the reasons set forth above, this claim fails and it is dismissed.

### 4. FDCPA

Plaintiffs allege that Deutsche Bank and BAC violated the Fair Debt Collections Practices Act, 15 U.S.C., § 1692(e), because they are a debt collector acting under false pretenses to collect payments on Plaintiffs' loan when they have no legal authority to do so. (FAC ¶¶ 70-72.)

In addition to the reasons stated above, this claim fails because Plaintiffs' allegations do not demonstrate that either Defendant is a debt collector under the terms of the statute. Under the FDCPA, the definition of a debt collector does not include anyone collecting a debt where the debt was not in default at the time it was obtained by the person trying to collect. 15 U.S.C. § 1692a(6)(F)(iii). In *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), the Fifth Circuit noted that the "legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."

Plaintiffs do not allege that their loan was in default when any Defendant obtained the right to collect payments on the loan. Instead, Plaintiffs merely allege that Defendants have no such right. Because there are no allegations of pre-collection default, this claim fails. Accordingly, this claim is dismissed.

### 5. RESPA

Plaintiffs allege that they sent BAC a Qualified Written Response ("QWR") under RESPA, 12 U.S.C., § 2605, requesting the identity and contact information for the creditor on Plaintiffs' note, a loan history, accumulated late fees, and the validity of the debt purportedly owed to Deutsche Bank. (FAC ¶ 88.) Plaintiffs allege that BAC did not respond. (*Id.* ¶ 89.)

Defendants argue that the letter, (FAC Ex. C), is not a QWR because it does not contain a statement of reasons for the borrower's belief that the account is in error. (Mot. at 12, citing 12 U.S.C. § 2605(e)(1)(B)(ii).)

The Court agrees. The letter references fraudulent practices and accounting tricks, alluding to the idea that such practices have affected Plaintiffs' loan balance, but nowhere in the letter

do Plaintiffs provide a statement of reasons for their belief that the account is in error. Accordingly, this claim is dismissed.

### 6. UCL

Plaintiffs allege that Deutsche Bank and BAC have engaged in unlawful, unfair, and fraudulent business practices, in violation of Cal. Bus. & Prof. Code § 17200, *et seq.* (FAC ¶ 97.)

In addition to the reasons stated above, this claim fails under the "unlawful" prong because Plaintiffs fail to allege adequately violation of another law. *See Kelley v. Mortgage Elec. Reg. Sys., Inc.*, 642 F. Supp. 2d 1048, 1055 (N.D. Cal. 2009). The FAC's passing references to violations of other statutes are insufficient to state a claim for an underlying violation, and thus cannot support Plaintiffs' unlawful-prong UCL claim. *See, e.g.*, FAC ¶¶ 100-101, 103. Plaintiffs' claim fails under the "fraudulent" prong because Plaintiffs have failed to plead allegations of fraud with particularity, as required under Federal Rule of Civil Procedure 9(b). Indeed, Plaintiffs conclusion that Defendants' practices are likely to deceive the public (FAC ¶ 115) is not supported by any factual allegations. *See Vess v. Ciba-Geigy Corp.*, USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (requiring allegations of the "who, what, when, where, and how" of the fraudulent conduct charged). Lastly, this claim fails under the "unfair" prong. Plaintiffs' conclusion that Defendants' practices were unfair (FAC ¶ 116), without any factual support, is insufficient to state a claim. *See Camacho v. Automobile Club of Southern California*, 142 Cal. App. 4th 1394, 1403, 48 Cal. Rptr. 3d 770 (2006). Accordingly, this claim is dismissed in its entirety.

### 7. Accounting

This claim is based entirely on the theory that Deutsche Bank and BAC have no legal interest in and no right to collect on Plaintiffs' loan. (FAC ¶ 127.) For the reasons set forth above, this claim fails and is dismissed.

### 8. Quiet Title

This claim, too, is based entirely on the theory that Deutsche Bank and BAC have no legal interest in title to Plaintiffs' home, based on the allegation that Defendants have no right to collect on the loan. (FAC ¶ 133.) For the reasons set forth above, this claim fails and is dismissed.

### 9. Breach of Contract

Plaintiffs' breach of contract claim is premised on the theory that Deutsche Bank and BAC breached the deed of trust when they misapplied Plaintiffs' payments according to the terms of the deed of trust. (FAC ¶ 143). Plaintiffs allege that this resulted in improper fees and taxes being added to the balance of their loan. (*Id.*)

Defendants argue that these allegations are vague and conclusory because they do not specify which payments were misapplied or the time period over which this occurred. (Mot. at 18.)

To state a claim for breach of contract under California law, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of contract; and (4) resulting damage. *Durell v.Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010). Plaintiffs have sufficiently pleaded each of these elements. Plaintiffs' deed of trust is the alleged contract (FAC ¶ 139), Plaintiffs allege that they have substantially performed (¶ 142), Plaintiffs alleged that Defendants breached Section 2 of the deed of trust by misapplying payments (¶¶ 141, 143), and Plaintiffs allege that they have been damaged by overpaying on the deed of trust (¶ 146).

### 10. Breach of Implied Covenant

Plaintiffs argue that Deutsche Bank and BAC breached the implied covenant of good faith and fair dealing by making it impossible for Plaintiffs to carry out their obligations under the deed of trust due to improperly applied payments, resulting in addition of interests and fees, to their account. (FAC ¶ 148.) This allegation contradicts Plaintiffs' earlier allegation (FAC ¶ 142) that Plaintiffs substantially performed all of the conditions under the deed of trust, including making monthly payments.

Ignoring this contradiction for a moment, "the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1153 (1990). Plaintiffs allege that Defendants' misapplication of payments frustrated their ability to fulfill their obligations under the loan because Defendants' practices caused improper fees and interest to be added to the loan. (FAC ¶ 153.) If Plaintiffs' amend their contradictory allegations regarding performance, the Court finds they may be able to state a claim for breach of the implied covenant. Accordingly, this claim is dismissed without

prejudice and Plaintiffs are granted leave to amend.

## V. DISPOSITION

For the reasons set forth above, the Court hereby GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss. The motion is granted as to all claims except for the breach of contract claim. Plaintiffs are granted fourteen (14) days leave to amend the breach of the implied covenant of good faith and fair dealing claim. Dismissal as to the remaining claims is with prejudice because Plaintiffs have not suggested any amendments that would cure the legal defects identified above.

The Clerk shall serve a copy of this minute order on all parties to the action.